IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R ALEXANDER ACOSTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:17-CV-2849-D |
| | § | |
| GREAT LAKES MANAGEMENT | § | |
| SERVICES INC et al., | § | |
| | § | |
| Defendants. | § | |

Scheduling Proposal Due Date: January 30, 2018

## **ORDER**

    This order is entered pursuant to Fed. R. Civ. P. 16(b) and 26(f) and the court's Civil Justice Expense and Delay Reduction Plan (the "Plan") to facilitate entry of a scheduling order under Rule 16(b).  The order also contains preliminary information intended to help the parties comply with the applicable rules and procedures.  The Federal Rules of Civil Procedure and the local civil rules in effect on the date of this order, together with amendments to these rules that take effect while the case is pending, apply to this case.

### I.  ELECTRONIC FILING OPTIONAL

    A party may file pleadings, motions, or other papers on paper.  Filing by electronic means is permitted, not required.  See N.D. Tex. Civ. R. 5.1(e).

### II. "JUDGE'S COPY" REQUIREMENTS

    When a pleading, motion, or other paper is submitted on paper, the party must file an original and one judge's copy with the clerk of court.  See N.D. Tex. Civ. R. 5.1(b).  When a pleading, motion, or other paper is filed by electronic means, the party must submit the judge's copy—i.e., a paper copy of the electronic filing—using the procedures for Judge Fitzwater specified on the court's website.  Id.  This information can currently be obtained by visiting http://www.txnd.uscourts.gov/filing/ecf.html and selecting the link for "Judges' Copy Requirements."  "The term 'judge's copy' means a paper copy of an original pleading, motion, or other paper that is submitted for use by the presiding judge."  N.D. Tex. Civ. R. 1.1(g).

### III. INITIAL DISCLOSURE REQUIREMENTS
### AND OBJECTION PROCEDURE

The initial disclosure requirements of Rule 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise. If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the scheduling proposal, see Rule 26(a)(1)(C), the party must file a separate letter with the proposal that alerts the court to the fact that the objection has been made.

### IV. RULE 26(f) CONFERENCE

No later than seven days before the scheduling proposal due date, lead counsel for each party (or a designee attorney with appropriate authority) must meet in person at a mutually agreeable location, and confer on the matters specified in Rule 26(f)(2) and this order. Under Rule 26(f)(2) "[t]he court may order the parties or attorneys to attend the conference in person." The court rarely excuses the attorneys from the requirement that they meet "in person," and it never does so unless a party obtains advance approval. The requirement of an in-person meeting does not apply, however, if one or more parties are proceeding pro se. In that instance, the Rule 26(f) conference may be conducted telephonically, by mail, or by other means that will accomplish the conference requirement.

### V. CONTENTS OF SCHEDULING PROPOSAL

If the case is not settled or otherwise resolved before the scheduling proposal due date, the parties must submit a joint proposal that contains the matters set out in this section. Because of the deadline in Rule 16(b)(2) for issuing a scheduling order, a request for an extension of the scheduling proposal due date must be supported by good cause.

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties must not submit a proposal in the form of a proposed order; the court enters its own order. Unless a scheduling conference is set, the court will enter a scheduling order after reviewing the joint proposal. If a party fails to participate in the proposal process, the court will enter a scheduling order without that party's proposals.

*Required Contents.*

The proposal must contain:

1. proposed deadlines for limiting the time to (a) join other parties; (b) amend the pleadings; (c) file motions, including summary judgment and other dispositive motions; (d) complete discovery; and (e) designate expert witnesses and rebuttal expert witnesses and make the expert disclosures required by Rule 26(a)(2);

2. the parties' views and proposals on the matters listed in Rule 26(f)(3)(A)-(F);

3.     under a separate heading, a statement about whether all the parties consent to referring this case to a magistrate judge for jury or nonjury trial, pursuant to 28 U.S.C. § 636(c) (unless all parties consent, the proposal need not identify the parties who do not consent); and

4.     under a separate heading, a statement about whether and when it is advisable to refer the case for alternative dispute resolution (see Plan § III) or to conduct a court-supervised settlement conference;

5.     if a party is required under N.D. Tex. Civ. R. 83.10(a) to have local counsel, under a separate heading, the date local counsel entered an appearance or that the party moved for leave to proceed without local counsel; and

6.     under a separate heading, the date a certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons.

*Permitted Contents.*

The proposal may contain:

> (a) proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1); (b) proposed modifications of the extent of discovery otherwise permitted under the Rules; (c) proposals for disclosure, discovery, or preservation of electronically stored information; (d) any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Fed. R. Evid. 502; (e) a proposed procedure for requiring that, before moving for an order relating to discovery, the movant must request a conference with the magistrate or district judge; (f) proposed dates for pretrial conferences, a final pretrial conference, and trial; and (g) proposals pertaining to any other appropriate matters.

## VI. AVAILABLE HELP DESK

Case information can be obtained from the clerk of court by contacting the ECF Help Desk at (214)753-2633.

An attorney, attorney's staff member, or party proceeding *pro se* can also obtain answers to frequently asked questions, or submit case-specific questions to chambers staff, using Judge Fitzwater's Chambers Online Help Desk, found at the following Internet address: http://cf.txnd.uscourts.gov/www2/forms/saf_email.cfm.

**SO ORDERED**.

January 2, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE